U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

OCT 17 2013

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

VICKIE BELL, PHILLIP B. BELL, JR. §
AND JONATHAN BELL §
§
Plaintiffs, §
§
§
v. § Civil Action No.. 13-1075
§
§
Defendants MINE SAFETY §
APPLIANCES, RUEMELIN §
MANUFACTURING COMPANY, INC., §
PULMOSAN SAFETY EQUIPMENT §
CORPORATION, CLEMCO §
INDUSTRIES, INC. and JOHN DOES 1-7 §

Defendants.

## ORIGINAL COMPLAINT

Comes now **VICKIE BELL, PHILLIP B. BELL, JR. and JONATHAN BELL,**

hereinafter sometimes referred to as Plaintiff, complaining of Defendants,

## I.
## PARTIES

1.     Plaintiffs are now and at all times hereinafter mentioned are a resident and citizen

of the State of Arkansas.

2.     Defendant, **MINE SAFETY APPLIANCES COMPANY** is a foreign

corporation organized and existing under and by virtue of the laws of the State of Pennsylvania

and doing business in the State of Arkansas. Said defendant may be served with process by

serving its registered agent: The Corporation Company, 425 W. Capitol Ave, Suite 1700, Little

Rock, Arkansas 72201.

3. Defendant, **RUEMELIN MANUFACTURING COMPANY, INC.** is a foreign corporation organized and existing under and by virtue of the laws of the State of Wisconsin and doing business in the State of Arkansas. Said defendant may be served with process by serving its registered agent; Michael S. Polsky, 330 E. Kilbourn Ave, Suite 1085, Milwaukee, WI, 53202-3146.

4. Defendant, **PULMOSAN SAFETY EQUIPMENT CORPORATION** is a defunct New York Corporation whose dissolution has been suspended and remains in its winding up phase. It does not maintain either a regular place of business of an agent of service of process in this State. Therefore, said Defendant may be served with process to Mr. Howard Weiss, former President and sole shareholder of Pulmosan Safety Equipment Corporation at his home address: 150 East 69th Street, New York City, NY 10021.

5. Defendant, **CLEMCO INDUSTRIES, INC.** is a corporation organized and existing under and by virtue of the laws of the State of Nevada. Said defendant may be served with process by serving its registered agent, registered agents of Nevada, Inc., 711 Carson Street, Suite 4, Carson City, NV 89701-5292.

6. Defendant, **JOHN DOE 1**, manufactured, processed, packaged, distributed, marketed and/or sold abrasive blasting material (i.e. sand) which contained crystalline silica.

7. Defendant, **JOHN DOE 2**, manufactured, processed, packaged, distributed, marketed and/or sold abrasive blasting material (i.e. sand) which contained crystalline silica.

8. Defendant, **JOHN DOE 3**, manufactured, processed, packaged, distributed, marketed and/or sold abrasive blasting material (i.e. sand) which contained crystalline silica.

9. Defendant, **JOHN DOE 4**, designed, manufactured, packaged, distributed, marketed and/or sold respiratory protective equipment for use in dusty environments.

10. Defendant, **JOHN DOE 5**, designed, manufactured, packaged, distributed, marketed and/or sold respiratory protective equipment for use in dusty environments.

11. Defendant, **JOHN DOE 6**, designed, manufactured, packaged, distributed, marketed and/or sold abrasive blasting equipment, sandblasting devices and/or dust collectors.

12. Defendant, **JOHN DOE 7**, designed, manufactured, packaged, distributed, marketed and/or sold abrasive blasting equipment, sandblasting devices and/or dust collectors.

## II.
## JURISDICTION AND VENUE

13. MINE SAFETY APPLIANCES, RUEMELIN MANUFACTURING COMPANY, INC., CLEMCO INDUSTRIES, INC. and PULMOSAN SAFETY EQUIPMENT CORPORATION are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

14. These aforementioned Defendants subject to personal jurisdiction of this Court by virtue of the fact that these defendants did and/or does business in the state of Arkansas and committed torts in whole or in part in this State against Plaintiff, in this judicial district, as more fully set forth herein.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events that give rise to this claim occurred in Ouachita County, Arkansas which is in the judicial district for the United States District Court for the Western District of Arkansas.

## III.
## FACTS COMMON TO ALL COUNTS

16. From 1968 – 2010, Decedent, Phillip Bell, Sr., was employed by Camden Monument Company and primarily performed his job duties on the premises of his employer in Camden, Arkansas, or was directed to other jobs by his employer located in Camden, Arkansas.

17. The Decedent's job duties involved working in areas containing silica dust. These work areas required the Decedent to wear respiratory protective equipment to protect himself from this silica dust. The Decedent wore respiratory equipment while conducting sandblasting and/or clean-up operations using silica sand. The decedent's exposure to silica related to sandblasting monuments either at the plant or at cemetery locations. The decedent was also exposed to silica while cutting granite rock to make headstones and monuments.

18. While employed at Camden Monument from approximately 1968 to 2005, the decedent performed these described job duties. However, use of silica sand at Camden Monument ceased by the early 1980's   Likewise, the cutting of granite headstones ceased by 1979. Consequently, the decedent's exposure to silica occurred from 1968 to approximately 1982-5.

19. While employed at Camden Monument during the years that silica containing products were used and or manipulated, the decedent used respiratory protection. This respiratory protection included the use of the MSA Dustfoe 66 from 1968 forward while performing sandblasting and granite cutting duties in the plant. The decedent also used a Pulmosan HC-1 non-air fed hood while performing blasting in cemeteries while also wearing the MSA Dustfoe 66.

20. In the performance of the sandblasting duties, the decedent used abrasive blasting machines manufactured by Ruemelin Manufacturing Company, Inc. These machines included

abrasive blasting machines or "pots" as they are commonly referred. The decedent also used and operated an automatic sandblast room manufactured by Ruemelin.

21. The decedent, Phillip Bell, died from pulmonary silicosis on October 21, 2010. Vickie Bell, Phillip Bell, Jr. and Jonathan Bell are the spouse and children of the decedent.

## IV.
## PRODUCT IDENTIFICATION

22. It has become necessary for Plaintiff to bring this suit against these Defendants because of the death of her husband, **PHILLIP BELL, SR.,** decedent as a result of his exposure to silica and silica dust while he was employed as a sandblasting supervisor. From 1966 - 2010, Plaintiff was employed by Camden Monument Company, Inc. as a sandblasting supervisor and stonecutter. PHILLIP BELL, SR., decedent died on October 21, 2010; his cause of death was respiratory failure due to silicosis. The decedent's job duties involved working in areas containing silica dust. During his employment the Decedent used the following equipment and products:

(1) Mine Safety Appliances Dustfoe 66;

(2) Ruemelin Blast Machine – 400lb Medium size;

(3) Ruemelin "Blast Carving Outfit' with steel room, door curtain and blast generator;

(4) Pulmosan HC-1 non air fed hood.

(5) Ruemelin Type 30 non air fed hood

(6) Clemco HC-1 non air fed hood

The decedent also used silica containing sand exclusively from 1969 to the early 1980's This sand was sold to decedents employer by Allen Granite Industries, Inc. which either acted as a manufacturer and/or distributer of this silica sand.

5

## V.
## COUNT I – SAND, PRODUCT LIABILITY

23.     Upon trial of this case, the evidence will show that the PHILLIP BELL, SR., decedent, while employed as a sandblasting supervisor and stone cutter, was required to work and did work in an atmosphere of heavy dust containing free silica. He therefore used abrasive blasting material which consisted, in some cases, of pure crystalline silica described as "white sand". During the blasting process, this silica containing abrasive, was blasted at high pressure against stone for purposes of cleaning and preparing the surface. This blasting process caused the silica containing material to fracture into particles smaller than 5 microns in size. As a consequence, this fractured silica became respirable and was inhaled by PHILLIP BELL, SR., decedent, during the blasting process.

24.     Upon trial, the evidence will show that the Defendants JOHN DOE 1, JONE DOE 2, and JOHN DOE 3 manufactured, processed, packaged, sold and/or distributed abrasive blasting material which contained crystalline silica. Such material, usually sand, is first mined through a dredging system and then pumped in a liquid slurry, and thereafter screened to remove impurities. Such sand is then dried and re-screened for size prior to packaging and/or sale to distributors and/or users of this abrasive blasting material. This material contained high levels of crystalline silica which is known to cause and did, in fact, cause the condition of silicosis in PHILLIP BELL, SR., decedent. The evidence will show that these defendants marketed abrasive blasting material containing crystalline silica, that this material was defectively designed and that such defect or defects made these products unreasonably dangerous. It will further be shown that such defect or defects made the products unreasonably dangerous to those persons such as PHILLIP BELL, SR., decedent, who could reasonably be expected to use and rely upon these products and that such

6

defect or defects were a producing cause of PHILLIP BELL, SR.'s death. The aforementioned defendants are therefore liable to Plaintiff under the doctrine of Strict Liability in Tort.

## VI.
## COUNT 2 – PRODUCT LIABILITY, MARKETING DEFECT – SAND

25.   Alternatively, Plaintiff would respectfully show unto this court and Jury that the abrasive blasting material manufactured, packaged, processed and distributed by the Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 were defective and unreasonably dangerous due to Defendants' failure to give adequate and proper warnings and instructions with respect to the manner in which these products should be distributed and used. These Defendants failed to inform third parties of the dangers present with respect to the distribution and use of these abrasive materials which, when used in blasting operations, would cause exposed individuals to inhale hazardous free floating silica. The failure of these Defendants to give adequate warnings and instructions was a producing cause of Plaintiff's injuries and damages.

## VII.
## COUNT 3 – NEGLIGENT DESIGN AND MARKETING – SAND

26.   Pleading further and in the alternative, Plaintiff would show that these Defendants, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3,  were negligent in designing, manufacturing, processing, packaging, marketing, selling and/or distributing the abrasive blasting material used by PHILLIP BELL, SR., decedent. This negligence proximately caused PHILLIP BELL, SR.'s death.

## VIII.
## COUNT 4 – NEGLIGENCE– SAND

27.     Upon trial of this case, the evidence will show that these Defendants, JOHN DOE 1,

JOHN DOE 2 and JOHN DOE 3 were negligent including, but not limited to, the following

particulars, each of which was a proximate cause of PHILLIP BELL, SR.'s death:

   a.     In failing to adequately warn PHILLIP BELL, SR., decedent of the hazards associated with the inhalation of silica and silica dust and, specifically, said Defendants failed to warn PHILLIP BELL, SR., decedent that he could contract silicosis by using their abrasive blasting material and/or that silica sand used in sandblasting could remain suspended in the air for days resulting in the inhalation of free silica during periods when sandblasters were not actually blasting;

   b.     In failing to inform ultimate users, such as PHILLIP BELL, SR., decedent, as to the safe and proper methods of handling and using their blasting products including a warning that silica sand should not be utilized in abrasive blasting operations;

   c.     In failing to remove said abrasive blasting products from the market when the Defendants knew or should have known of the hazards of exposure to silica and silica dust, including contracting silicosis.

28.     Each and all of these acts and omissions, taken singularly or in combination, were a

proximate cause of the death of PHILLIP BELL, SR., and the damages sustained by Plaintiff.

## IX.
## COUNT 5 – IMPLIED WARRANTY – SAND

29.     Alternatively, Plaintiff would show that these Defendants JOHN DOE 1, JOHN

DOE 2 and JOHN DOE 3 designed, manufactured, processes, packaged, distributed and/or sold this

abrasive blasting material in question in a defective condition and thereby breached an implied

warranty of fitness and an implied warranty of merchantability.  Such breach or breaches of such

implied warranties by the Defendants herein was a proximate cause of the death of PHILLIP BELL,

SR. and damages sustained by Plaintiff.

## X.
## COUNT 6 - PRODUCT LIABILITY – RESPIRATORY EQUIPMENT

30.     Upon trial of this case, the evidence will show that the PHILLIP BELL, SR., decedent, while employed as a sandblasting supervisor, was supplied various dust masks, air-fed hoods, respirators and non-air-fed hoods to wear to provide a degree of protection from said silica containing abrasive materials. These masks hoods and respirators were manufactured and sold by the Defendants, **MINE SAFETY APPLIANCES, CLEMCO INDUSTRIES, INC., PULMOSAN SAFETY EQUIPMENT CORPORATION, JOHN DOE 4 and JOHN DOE 5** for such use in and atmosphere containing dust and were defectively designed and insufficient for such use. As a result of such defective and unreasonably dangerous conditions, PHILLIP BELL, SR., decedent, developed the diseased condition of his lungs. Plaintiff would show that the death of PHILLIP BELL, SR. was caused by a defect or defects in the design, manufacture and/or marketing of these respirators, hoods and masks, and that such a defect or defects were present at the time the Defendants, **MINE SAFETY APPLIANCES, CLEMCO INDUSTRIES, INC., RUEMELIN MANUFACTURING COMPANY, INC., PULMOSAN SAFETY EQUIPMENT CORPORATION, JOHN DOE 4 and JOHN DOE 5** fabricated and/or distributed the products in question. It will further be shown that such defect or defects made the products unreasonably dangerous to those persons such as PHILLIP BELL, SR., decedent, who could reasonably be expected to use and rely upon such products and that such defect or defects were a producing cause of the death of PHILLIP BELL, SR. and the damages sustained by Plaintiff. These Defendants are therefore liable under the Doctrine of Strict Liability in Tort.

## XI.
## COUNT 7 – MARKETING – RESPIRATORY EQUIPMENT

31.    Alternatively, Plaintiff would respectfully show unto this Court and Jury that the products in question were unreasonably dangerous due to Defendants', **MINE SAFETY APPLIANCES, CLEMCO INDUSTRIES, INC., RUEMELIN MANUFACTURING COMPANY, INC., PULMOSAN SAFETY EQUIPMENT CORPORATION, JOHN DOE 4 and JOHN DOE 5** failure to give adequate and proper warnings with respect to the manner in which these products should be used.  These Defendants knew or should have known that their products would be used in abrasive blasting operations and therefore these defendants should have warned persons like PHILLIP BELL, SR., decedent of the hazards and risks associated with abrasive blasting including the danger of inhalation of respirable free silica.  These defendants failed to provide any such warnings or instructions regarding the risks associated with abrasive blasting products, including a warning that silica sand should not be utilized in abrasive blasting operations, and the failure to provide such warnings or instructions constitutes a marketing defect which was a producing cause of the death of PHILLIP BELL, SR., and the damages sustained by Plaintiff.

## XII.
## COUNT 8 – NEGLIGENCE – RESPIRATORY EQUIPMENT

32.    Pleading further in the alternative, Plaintiff would respectfully show that the Defendants, **MINE SAFETY APPLIANCES, CLEMCO INDUSTRIES, INC., RUEMELIN MANUFACTURING COMPANY, INC., PULMOSAN SAFETY EQUIPMENT CORPORATION, JOHN DOE 4 and JOHN DOE 5**  were negligent in the designing, manufacturing, assembling, fabricating, testing, inspecting, marketing and or distributing the products in question and that such negligence was a proximate cause of the death of PHILLIP

BELL, SR., and the damages sustained by Plaintiff. These Defendants are therefore liable under the Doctrine of Negligence.

## XIII.
## COUNT 9 – BREACH OF WARRANTIES - RESPIRATORY EQUIPMENT

33.    Pleading further in the alternative, Plaintiff would respectfully show that the Defendants, **MINE SAFETY APPLIANCES, CLEMCO INDUSTRIES, INC., RUEMELIN MANUFACTURING COMPANY, INC., PULMOSAN SAFETY EQUIPMENT CORPORATION, JOHN DOE 4 and JOHN DOE 5** designed, manufactured, assembled, fabricated and/or distributed the products in question in a defective condition and therefore breached an implied warranty of fitness and an implied warranty of merchantability, in addition to various express warranties. Such breach or breaches of implied and express warranties by the Defendants herein was a proximate cause of the death of PHILLIP BELL, SR., and the damages sustained by Plaintiff.

## XIV.
## COUNT 10 – PRODUCT LIABILITY – ABRASIVE BLASTING EQUIPMENT

34.    Upon trial of this case the evidence will also show that the Defendants manufactured abrasive blast cleaning equipment including blast pots, blast machines, nozzles, air hoses and/or other types of equipment used in the blasting and surface preparation process. Plaintiff would show that these products manufactured by Defendants **RUEMELIN MANUFACTURING COMPANY, INC., JOHN DOE 6 AND JOHN DOE 7** were defectively designed and inefficient for abrasive blasting users. As a result of such defective designs these products were unreasonably dangerous and were a producing cause of PHILLIP BELL, SR.'s death. Plaintiff would show that the death of PHILLIP BELL, SR. was caused by such defect or defects in the design of this abrasive blasting equipment and that such defects were present at the time the Defendants, manufactured,

11

fabricated and/or distributed the products in question. It will further be shown that PHILLIP BELL, SR, decedent reasonably expected to use and rely upon such products and that such defect or defects were a producing cause of the death of PHILLIP BELL, SR., and the damages sustained by Plaintiff. These Defendants are therefore liable under the Doctrine of Strict Liability in Tort.

## XVI.
## COUNT 11 – MARKETING – ABRASIVE BLASTING EQUIPMENT

35. Alternatively, Plaintiff would respectfully show unto this court and Jury that the abrasive blasting products and machines in question were unreasonably dangerous due to Defendants, **RUEMELIN MANUFACTURING COMPANY, INC., JOHN DOE 6 and JOHN DOE 7** failure to give adequate and proper warnings and instructions with respect to the manner the products should be marketed, distributed and used, including a warning that silica sand should not be utilized in abrasive blasting operations. The Defendants knew or should have known that this equipment would be used in abrasive blasting operations and that users and operators of this equipment would load this equipment with abrasive containing crystalline silica. These Defendants therefore should have warned ultimate users of the dangers of inhalation of respirable free silica loaded and contained in this blasting equipment, products, including a warning that silica sand should not be utilized in abrasive blasting operations. The failure to give such adequate warnings and instructions was a producing cause of Plaintiff's resulting injuries and damages.

## XVII.
## COUNT 12 – NEGLIGENCE – ABRASIVE BLASTING EQUIPMENT

36. Pleading further, and in the alternative, Plaintiff would respectfully show that the Defendants , **RUEMELIN MANUFACTURING COMPANY, INC., JOHN DOE 6 and JOHN DOE 7** were negligent in designing, manufacturing, assembling, fabricating, testing, inspecting, and/or distributing the products in question and that such negligence was a proximate cause of the

death of PHILLIP BELL, SR., and the damages sustained by Plaintiff. These Defendants are therefore liable under the Doctrine of Negligence.

## XVIII.
## COUNT 13 – BREACH OF WARRANTIES – ABRASIVE BLASTING EQUIPMENT

37. Pleading further and in the alternative, Plaintiff would respectfully show that the Defendants, **RUEMELIN MANUFACTURING COMPANY, INC., JOHN DOE 6 and JOHN DOE 7** designed, manufactured, assembled, fabricated and/or distributed the products in question in a defective condition and therefore breached and implied warranty of fitness and an implied warranty of merchantability, in addition to various express warranties. Such breach or breaches of implied and express warranties were a proximate cause of the death of PHILLIP BELL, SR., and the damages sustained by Plaintiff.

## XIX.
## COUNT 14 – DAMAGES
### (Applicable to all causes of action)

38. Upon trial of this case, it will be shown that the death of PHILLIP BELL, SR., was a proximate and/or producing result of the Defendants' defectively designed or negligently manufactured products. Plaintiff therefore respectfully requests the Court and Jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries and damages and losses incurred and to be incurred. From the date of the incident made the basis of this suit until the time of trial of this case, those elements of damage to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiffs for each element as follows:

13

a.    The physical pain and suffering that PHILLIP BELL, SR. suffered from the date of the occurrence in question up until the time of his death;

b     The mental anguish that PHILLIP BELL, SR. suffered from the date of the occurrence in question up until the time of his death;

c.    The amount of reasonable medical expenses necessarily incurred in the treatment of PHILLIP BELL, SR. injuries from the date of the occurrence in question up to the time of his death;

d.    The loss of any earning sustained by PHILLIP BELL, SR. from the date of the occurrence in question up to the time of his death;

e     The physical incapacity and disability suffered by PHILLIP BELL, SR. and the resulting inability to do those tasks and services that the PHILLIP BELL, SR. ordinarily would have been able to perform measured from the date of the occurrence in question up to the time of his death, and

f.    The disfigurement which PHILLIP BELL, SR. suffered from the date of the occurrence in question up to the time of his death.

Because of all the above and foregoing, Plaintiff has been damaged and will be damaged in a sum greatly in excess of the minimum jurisdictional limits of this Court, for which sum Plaintiff now bring suit.

39.    The acts and/or omissions by the above named Defendants in Counts 1 – 13 directly caused or directly contributed to cause Plaintiff's silica related occupational lung disease damages as set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendant under this Count:

(a)    in an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)    costs of suit;

(c)    pre-judgment and post judgment interest;

(d)    punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(e)    such other and further relief as this Court deems just and proper.

14

## XX.

40.     PHILLIP BELL, decedent was 65 years of age at the time of his death and, before contracting his occupational lung disease, had a life expectancy of 20 years according to the United States Life Tables, Table IV(2010).

## XXI.
### COUNT 15 – LOSS OF CONSORTIUM
### (Applicable to all causes of action)

41.     Plaintiff, VICKIE BELL, PHILLIP BELL JR. AND JONATHAN BELL, are now and at all times hereinafter mentioned residents and citizens of the State of Arkansas and incorporated by reference Counts 1-13 of this complaint.

42.     At all times relevant herein, Plaintiff, VICKIE BELL, was the wife of PHILLIP BELL, decedent, both were legally married to each other at the time of the occurrences herein, and Plaintiff, VICKIE BELL was entitled thereby to care, comfort, support, companionship, consortium and services of PHILLIP BELL, SR.. At all times relevant herein, Plaintiffs PHILLIP BELL JR. AND JONATHAN BELL were the natural born sons of PHILLIP BELL, SR. and was entitled to comfort, support companionship and services of PHILLIP BELL SR.

43.     Because of the defective product, breaches of warranty and negligent conduct of Defendants , as aforementioned, and the death of PHILLIP BELL, as aforementioned, Plaintiffs, VICKIE BELL, PHILLIP BELL, JR., AND JONATHAN BELL has been caused to suffer and continues to suffer the loss of society, consortium, companionship, love, comfort, instruction, guidance, counsel and support, and care of her spouse, for which they now brings suit.

44.     Plaintiff is also pursuing this action to recover the damages PHILLIP BELL, decedent may have suffered between the time of injury and the time of death and for recovery which deceased may have maintained had death not ensued. The acts and/or omissions by the

15

Defendants as recited in Counts 1 – 13 directly caused or directly contributed to cause Plaintiff's silica related occupational lung disease damages as set forth herein.

WHEREFORE, Plaintiff prays for judgment against Defendants under this Count:

(a)     in an amount of actual damages which is fair and reasonable under the circumstances and in excess of $75,000;

(b)     costs of suit;

(c)     pre-judgment and post judgment interest;

(d)     punitive damages in a fair and reasonable amount in excess of $20,000,000 to punish and deter Defendant and others from engaging in similar wrongful conduct; and

(f)     such other and further relief as this Court deems just and proper.

## XXII.

45.     As a direct and proximate and/or producing result of the aforesaid acts of negligence, strict liability in tort, and/or breach of warranties by the Defendants, Plaintiff, damages as set forth above, for which Plaintiff seeks to recover from the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that upon final trial and hearing hereof, Plaintiff has their judgment against Defendants, jointly and severally, in a sum greatly in excess of the minimum jurisdictional limits, together with interest on the judgment at the legal rate, prejudgment interest, costs of court and for such other and further relief, both in law and in equity, to which the Plaintiff may show herself justly entitled.

Respectfully submitted,

HARRELSON LAW FIRM, P.A.
300 N State Line Avenue (71854)
Post Office Box 40 (75504-0040)
Texarkana, Arkansas
Telephone:  (870) 772-0300
Facsimile:   (870) 772-0302


BY: /s/    *Steve Harrelson*

      Steve Harrelson
      Arkansas Bar Number 2000086
      Texas Bar Number 24036729
      Louisiana Bar Number 28361