IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKIE BELL, PHILLIP B. BELL, JR.
and JONATHAN BELL                                                                           PLAINTIFFS

VS.                                          CASE NO. 1:13-CV-01075

MINE SAFETY APPLIANCES
COMPANY, et al.                                                                              DEFENDANTS

**ORDER**

Before the Court is Separate Defendant Mine Safety Appliance Company's Motion to Dismiss Plaintiffs' Original Complaint. (ECF No. 16). Pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 4(m), Mine Safety Appliance Company seeks dismissal of the above-styled and numbered case for insufficient service of process. Plaintiffs have responded. (ECF No. 19). This matter is ripe for consideration.

BACKGROUND

Plaintiffs filed their complaint against Mine Safety Appliance Company ("MSA") and other defendants on October 17, 2013. At that time, Plaintiffs searched the Lexis Nexis public records database for MSA's address for service of process. Lexis Nexis indicated that the address for The Corporation Company, which is MSA's registered agent for service of process, was 425 W. Capitol Ave., Suite 1700, Little Rock, AR 72201. The same address for The Corporation Company was listed on various websites.

Plaintiffs served The Corporation Company on January 9, 2014, with MSA named in the summons. The service was returned as "not deliverable as addressed" on January 20, 2014.

Plaintiffs were perplexed because the service information appeared correct, but they ultimately surmised that the agent rejected service because "Mine Safety Appliances" was named in the summons and not "The Corporation Company."

Service was resubmitted on April 24, 2014, and the summons was re-labeled to "The Corporation Company." This service was also rejected, and was returned with an "insufficient address" note. Plaintiffs then realized that the address for The Corporation Company might be incorrect, and they performed a second search on Lexis Nexis. A different address appeared for The Corporation Company.[1] Upon discovering the new address, Plaintiffs contacted the Arkansas Secretary of State to inquire about when the address change occurred, but the Secretary of State indicated that it was impossible to determine that information.

Plaintiffs successfully served MSA on May 29, 2014. On June 17, 2014, MSA moved to dismiss the action against it for insufficient service of process because it was served more than 120 days after the Complaint was filed.

DISCUSSION

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service must be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). If the plaintiff fails to show good cause, the court may extend the time for service rather than dismiss the case without prejudice. *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010).

---

[1] To this day, many websites provide 425 W. Capitol Ave., Suite 1700, Little Rock, AR 72201 as the address for The Corporation Company.

2

"A showing of good cause requires at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Good cause is likely to be found when the plaintiff's failure to complete service in timely fashion is (1) a result of the conduct of a third person, typically the process server; (2) the defendant has evaded service of the process or engaged in misleading conduct; (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances; or (4) the plaintiff is proceeding pro se or in forma pauperis. *Kurka*, 628 F.3d at 957; 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (4th ed.). The plaintiff must establish excusable neglect for a discretionary extension. *Id*. In determining whether neglect is excusable, the Court may consider the following factors: (1) the possibility of prejudice to the defendant; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether the delay was within the party's reasonable control; and (4) whether the party acted in good faith. *Id.* at 959.

Here, MSA was not served within 120 days after the Complaint was filed, but Plaintiffs have shown good cause for the failure. It was reasonable for Plaintiffs to assume that the address listed for The Corporation Company on the Lexis Nexis database and elsewhere was correct. Plaintiffs acted in good faith and their failure to complete service in a timely fashion was largely due to the conduct of The Corporation Company in changing its address. MSA has not alleged that it will be prejudiced by the delay. Therefore, the Court finds that Plaintiffs have shown good cause for the failure to serve MSA within 120 days after filing the Complaint.

## CONCLUSION

For the reasons explained above, Defendant MSA's Motion to Dismiss Plaintiffs' Original Complaint (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED**, this 28th day of January, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
