IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKIE BELL; PHILLIP B. BELL, JR.
and JONATHAN BELL                                                                    PLAINTIFFS

v.                                          Case No. 1:13-cv-01075

MINE SAFETY APPLIANCES;
RUEMELIN MANUFACTURING
COMPANY, INC.; PULMOSAN
SAFETY EQUIPMENT CORPORATION;
CLEMCO INDUSTRIES, INC.; and
JOHN DOES 1-7                                                                         DEFENDANT

## ORDER

Before the Court is Plaintiffs' Motion to Dismiss Defendant Mine Safety Appliances, With Prejudice. (ECF No. 130). No party has responded and the time for doing so has expired. Also before the Court is Plaintiff's Motion to Strike Cross-Action of Ruemelin Manufacturing Company Against Mine Safety Appliances. (ECF No. 131). Ruemelin has responded to this Motion. (ECF No. 140). The Court finds these matters ripe for its consideration.

Plaintiffs no longer wish to prosecute this case against Defendant Mine Safety Appliances ("MSA"). They ask that MSA be dismissed with prejudice and each party be responsible for its own costs. Pursuant to Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at a plaintiff's request by a court order, on terms that the court considers proper. The Court finds that Plaintiffs' claims against MSA should be dismissed with prejudice.

Because Ruemelin has attempted to file a cross-claim against MSA, the Court must determine whether Defendant MSA remains in this action. The Bells filed the original Complaint on October 17, 2013. (ECF No. 1). Ruemelin and MSA both filed Answers to the Complaint. (ECF Nos. 7 & 33). MSA asserted a cross-claim against Ruemelin in its Answer. (ECF No. 7). The Bells

then amended their Complaint on August 6, 2015. (ECF No. 58). MSA filed an Answer to the Amended Complaint, reasserting a cross-claim against Ruemelin. (ECF No. 61). Ruemelin also filed an answer to the Amended Complaint. (ECF No. 60). Later, Ruemelin filed an Answer to MSA's cross-claim and asserted, for the first time, a cross-claim against MSA. (ECF No. 63).

Plaintiff asserts that Ruemelin's claims against MSA should be stricken, resulting in MSA's dismissal from this lawsuit entirely. Plaintiffs assert that the deadline to amend pleadings or join parties had expired on August 9, 2015, and therefore the cross-claim filed on August 26, 2015 was untimely. Ruemelin responds that Plaintiffs' Motion to Strike the Cross-Claim is untimely because it was filed after the dispositive motion deadline expired. Ruemelin also asserts that its cross-claim was not an amended pleading, but was part of its answer to MSA's cross-claim against Ruemelin, and that Plaintiffs do not have standing to bring the motion.

Where an Amended Complaint changes the theory or scope of the case, the other existing parties to the action should be permitted amendment as a matter of course. *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812 (N.D. Iowa 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 2000). "The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [party] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." *Id.*

The Court finds that the same rule applies to the cross-claims in this action. Ruemelin has not demonstrated how Plaintiffs' Amended Complaint or MSA's Answer to the Amended Complaint changed the theory or scope of the case in such a way that Ruemelin should have been given the chance to plead anew and submit a cross-claim for the first time. Ruemelin was required to request leave of the Court under Rule 15(a) and comply with Local Rule 5.5(e) to properly assert a cross-claim against MSA. It did not.

In the Final Scheduling Order (ECF No. 29), the Court imposed a deadline of "60 days before the close of discovery" for motions to amend pleadings. The deadline to complete discovery in this case was October 22, 2015. (ECF No. 75). The deadline to request leave to amend pleadings was August 23, 2015. Ruemelin never requested leave to amend its pleadings to assert a cross-claim against MSA. Therefore, the cross-claim filed by Ruemelin on August 26, 2015, (ECF No. 63), was outside of the deadline, and it is not properly before the Court. Ruemelin has made no attempt to demonstrate good cause for failing to request leave to amend or failing to comply with the Court's Scheduling Order.

Accordingly, Plaintiff's Motion to Dismiss Mine Safety Appliances (ECF No. 130) is hereby **GRANTED**. Plaintiff's Motion to Strike Cross-Action of Rumelin Manufacturing Company, Inc. Against Mine Safety Appliances (ECF No. 131) is also **GRANTED**. Plaintiff's claims against MSA should be and hereby are **DISMISSED WITH PREJUDICE**. MSA is dismissed from this lawsuit entirely.

**IT IS SO ORDERED**, this 25th day of January, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge