IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

VICKIE BELL; PHILLIP B. BELL, JR.;
and JONATHAN BELL                                                    PLAINTIFFS

v.                                    CASE NO. 1:13-CV-01075

MINE SAFETY APPLIANCES;
RUEMELIN MANUFACTURING
COMPANY, INC.; PULMOSAN
SAFETY EQUIPMENT CORPORATION;
CLEMCO INDUSTRIES, INC.; and
JOHN DOES 1-7                                                        DEFENDANTS

## ORDER

Before the Court is Separate Defendant Pulmosan Safety Equipment Corporation's ("Pulmosan") Motion to Quash Plaintiffs' Post-Judgment Written Discovery. (ECF No. 222). Plaintiffs have filed a response to the motion. (ECF No. 224).  The Court finds this matter ripe for consideration.

Pulmosan requests that the Court quash Plaintiffs' post-judgment discovery requests. Pulmosan maintains that it has been dissolved for more than 30 years and has no officer, director or employee for counsel to consult with in order to respond to the requested discovery.  In addition, Pulmosan argues that in April 2006 it provided written answers to discovery in an unrelated case.  Pulmosan contends that its answers covered many of the same subjects, such as Pulmosan's insurance, finances and matters relating to its dissolution.  As a result, Pulmosan asserts that its prior discovery responses cover many of the subjects covered in Plaintiffs' current discovery.

Local Rule 7.2(g) provides that "[a]ll motions to compel discovery and all other discovery enforcement motions and all motions for protective orders shall contain a statement by

the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court."  Local Rule 7.2(g) further provides that "[i]f any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule."  *See also Pennington v. Univ. of Ark*, No. 4:10-CV-1071-DPM, 2011 WL 3418395, at *1 (E.D. Ark. Aug. 4, 2011); *Hit Servs., L.P. v. Caddo Energy Co.*, No. 6:07-CV-6008, 2009 WL 185590, at *1–2 (W.D. Ark. Jan. 23, 2009)

In the present case, Pulmosan's motion lacks a statement indicating that the parties have met and conferred in good faith regarding Plaintiffs' post-judgment discovery requests.  Instead, Pulmosan merely directs the Court's attention to the post-judgment discovery requests, served by Plaintiffs on January 18, 2017, as well as discovery requests made in the above-mentioned unrelated case.  As a result, the Court is unable to determine whether Pulmosan complied with Local Rule 7.2(g) prior to filing its motion.  Accordingly, Pulmosan's Motion to Quash Plaintiffs' Post-Judgment Written Discovery is **DENIED**.  The parties are directed to comply with Local Rule 7.2(g) and meet and confer prior to filing any further motions to compel discovery, discovery-enforcement motions, and motions for protective orders.

Pulmosan alternatively requests that the Court stay all post-judgment discovery during the pendency of the appeal of the Court's default judgment order entered on August 26, 2016.[1] (ECF No. 208).  In response, Plaintiffs assert that Pulmosan's request to stay post-judgment discovery is improper because Pulmosan has failed to post a supersedeas bond in accordance with Federal Rule of Civil Procedure Rule 62(d).  Rule 62(d) states:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or

---

[1] Pulmosan's motion fails to identify which rule its motion proceeds under. As a result, the Court assumes Pulmosan moves for a stay of proceedings to enforce a judgment pursuant to Federal Rule of Civil Procedure 62.

2

after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).  "The purpose of [Rule 62(d)] is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed."  *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (internal citation omitted).  "Although it appears from the language of Rule 62(d) that a supersedeas bond is a necessary step to obtain[] a stay, several appellate and trial courts have adopted the view that the district court has the discretion to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond."  *Corp. Comm'n of Mille Lacs Band of Ojibwe Indians v. Money Centers of Am., Inc.*, No. 12-1015, 2013 WL 6630905, at *1 (D. Minn. Dec. 17, 2013) (internal citation omitted).  "The burden is on the appellant to persuade the Court to depart from the usual requirement of a full supersedeas bond." *Id*.

In the present case, Pulmosan has failed to offer any evidence in support of its assertion that it is without assets.  As a result, the Court is unable to determine whether a complete waiver of the bond requirement is warranted in this matter.  Pulmosan has also failed to post a bond or offer an alternative form of security.  *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995) (holding that an indigent defendant's motion to stay the execution of a civil judgment pending appeal was improper because defendant failed to post a supersedeas bond or alternative security).  Accordingly, the Court finds that Pulmosan's motion to stay post-judgment discovery is **DENIED**.

**IT IS SO ORDERED**, this 21st day of March, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

3